**WO**              **KM**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl David Fulton, | No. CV 12-692-PHX-GMS (MHB) |
| Plaintiff, | |
| vs. | **ORDER** |
| John Doe, et al., | |
| Defendants. | |

Plaintiff Carl David Fulton, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 15, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint and this action for failure to state a claim.

On June 11, 2012, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. On June 20, 2012, the Ninth Circuit ordered Plaintiff to pay the appellate filing fee or file a motion to proceed *in forma pauperis*. Plaintiff filed a motion to proceed *in forma pauperis*, which the Ninth Circuit denied on August 7, 2012. On August 30, 2012, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute.

Pending before the Court are Plaintiff's July 2, 2012 Motion for Conformed Copies (Doc. 14); "Motion for Billing and/or Court Fees" (Doc. 17); "Motion for Transcripts and All Related Information" (Doc. 18); Motion for Reconsideration (Doc. 19); and "Motion for Conformed Copies" (Doc. 20).

**JDDL**

## I.     Motions for Copies or Transcripts

The Court first notes that no hearings were conducted in this case and therefore there are no transcripts. To the extent that Plaintiff is seeking copies of documents and orders filed in this case, the Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. An inmate has no right to free copies of pleadings. *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (*per curiam*) (28 U.S.C. §1915 "does not give a litigant a right to have documents copied and returned to him at government expense"). Further, the Ninth Circuit has rejected any constitutional right to unlimited free photocopying. *See Johnson v. Moore*, 936 F.2d 921, 923 (9th Cir. 1991) (*per curiam*), *superceded on other grounds*, 948 F.2d 517 (9th Cir. 1991) (*per curiam*); and *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) (rejecting any constitutional right to free and unlimited photocopying) (citing *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."). The Court will therefore deny Plaintiff's Motions for copies (Docs. 14, 18, and 20).

## II.    Motion Requesting Billing and/or Court Fees

Plaintiff asks that the Court reduce or waive the filing fee for this case, or alternatively, suspend collection of the fee for 360 days.

Title 28 U.S.C. §1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–monthly period immediately proceeding the filing of the complaint or notice of appeal.

**JDDL**

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to reduce or waive the payment of Plaintiff's filing fee, or to suspend collection of the filing fee.

It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits *in forma pauperis*. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. *See*, *e.g.*, H.R. Conf. Rep. No. 104-378, at 166-67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)").

The decision to file and prosecute this case was made by Plaintiff before he filed this case. Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Accordingly, the Court will deny Plaintiff's "Motion Requesting Billing and/or Court Fees."

### III. Motion for Reconsideration

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

JDDL

1  Nor may a motion for reconsideration repeat any argument previously made in support of
2  or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215
3  F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an
4  insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp.
5  1572, 1573 (D. Haw. 1988).

6      Plaintiff asks the Court to reconsider dismissal of this action, but provides no
7  reason for the Court to do so. Despite Plaintiff's lack of argument, the Court has
8  reviewed the original Complaint and Order of dismissal. The Court finds no basis to
9  reconsider its decision. The Court will deny Plaintiff's Motion for Reconsideration.

10  **IT IS ORDERED:**

11  (1)  Plaintiff's July 2, 2012 Motion for Conformed Copies (Doc. 14) is **denied**.

12  (2)  Plaintiff's December 26, 2012 Motion for Billing and/or Court Fees
13  (Doc. 17) is **denied**.

14  (3)  Plaintiff's December 26, 2012 Motion for Transcripts and All Related
15  Information (Doc. 18) is **denied**.

16  (4)  Plaintiffs December 26, 2012 Motion for Reconsideration (Doc. 19) is
17  **denied**.

18  (5)  Plaintiff's December 26, 2012 Motion for Conformed Copies (Doc. 20) is
19  **denied**.

20  Dated this 15th day of March, 2013.

*G. Murray Snow*
United States District Judge